IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT STARKEY | : | CIVIL ACTION |
| v. | : | |
| KENNETH R. CAMERON, et al. | : | NO. 10-5891 |

## REPORT AND RECOMMENDATION

L. FELIPE RESTREPO                                                  DECEMBER 23, 2010
UNITED STATES MAGISTRATE JUDGE

Before the Court is a Petition for Writ of Habeas Corpus filed by Vincent Starkey pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the State Correctional Institution in Cresson, Pennsylvania ("SCI-Cresson"). For the reasons which follow, the habeas petition should be dismissed as time-barred.

### PROCEDURAL HISTORY

The habeas petition alleges that, following a jury trial in the Court of Common Pleas of Delaware County, Starkey was convicted of second-degree murder, and was sentenced on June 15, 2004 to life in prison. See Hab. Pet. ¶¶ 1-6; see also Common Pleas Ct. Dckt. No. CP-23-CR-0000152-2002 (hereinafter cited as "Common Pleas Ct. Dckt."), at 26 (reflecting petitioner was sentenced on 6/15/04). Petitioner further alleges and the state court docket confirms that the Superior Court of Pennsylvania affirmed the judgment of conviction on March 1, 2006. See Hab. Pet. ¶ 9(e); Pa. Super. Ct. Dckt. No. 18 EDA 2005, at 3. Petitioner does not allege and the Pennsylvania dockets do not appear to reflect that Starkey requested allowance of appeal in the

Supreme Court of Pennsylvania.

On February 12, 2007, Starkey filed in the Common Pleas Court a petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-46. See Common Pleas Ct. Dckt. at 31; see also Hab. Pet. ¶ 11(a). Following the filing of an amended PCRA petition by appointed counsel, the PCRA Court denied the petition on June 26, 2008. See Common Pleas Ct. Dckt. at 37.

The state court docket indicates that although Starkey failed to file a timely appeal to the Superior Court, on May 13, 2009, the Court granted Starkey leave to file an appeal nunc pro tunc, and petitioner filed his appeal in the Superior Court in June 2009. See Pa. Super. Ct. Docket No. 1666 EDA 2009, at 2. The habeas petition and the state court docket further reflect that on April 15, 2010, the Superior Court of Pennsylvania affirmed the denial of PCRA relief. Id. at 3; Hab. Pet. ¶ 11(a)(7). Petitioner apparently did not seek allowance of appeal from the Supreme Court of Pennsylvania. See Hab. Pet.

As this Court's civil docket reflects, the Clerk of Court received Starkey's federal habeas petition on October 28, 2010. See Hab. Pet. (Doc. 1) at 1. The petition raises claims of ineffective assistance of counsel prior to and during trial. Id. ¶ 12(A)-(D).

## DISCUSSION

Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. § 2244 to impose a one-year period of limitation on applications for writs of habeas corpus by persons in state custody. See 28 U.S.C. § 2244(d)(1). Pursuant to AEDPA, the limitation period begins to run from the latest of

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Here, in that the statutory exceptions to the general rule do not apply, see § 2244(d)(1)(B)-(C), the one-year period of limitation began to run when the judgment of conviction became final. Id. § 2244(d)(1)(A).

The judgment of conviction became final in this case on March 31, 2006, when the time for seeking allowance of appeal in Pennsylvania's Supreme Court expired. See Pa. R. App. P. 1113(a) (must file petition for allowance of appeal within 30 days). Therefore, petitioner had one year after that date, see Sweger v. Chesney, 294 F.3d 506, 513 (3d Cir. 2002), cert. denied, 123 S. Ct. 1902 (2003), plus any time during which the period of limitation was tolled, to file a § 2254 petition. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Swartz v. Meyers, 204 F.3d 417, 419-20 (3d Cir. 2000); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The Third Circuit has held that "[t]he statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable

tolling, a judicially crafted exception." Merritt, 326 F.3d at 161 (citing Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999)). With respect to statutory tolling, § 2244(d)(2) provides in relevant part that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Thus, under the habeas statute as amended by AEDPA, assuming that petitioner's PCRA petition was "properly filed" for purposes of § 2244(d)(2), the time during which that petition was pending in the state courts should not be counted in calculating the period of limitation. See § 2244(d)(2); see, e.g., Swartz, 204 F.3d at 420. His PCRA petition was filed on February 12, 2007. See Common Pleas Ct. Dckt. at 31. Therefore, giving petitioner the benefit of any doubt, AEDPA's period of limitation was tolled from approximately that date[1] until May 15, 2010, when the time for seeking allowance of appeal in Pennsylvania's Supreme Court expired.[2] See Pa. R. App. P. 1113(a) (providing 30 days to petition for allowance of appeal).[3]

---

1. Similar to the prisoner mailbox rule applied in federal habeas cases, under Commonwealth v. Jones, 700 A.2d 423, 426 (1997), a pro se prisoner's appeal is considered filed in the Pennsylvania courts when such appeal is deposited with prison officials or placed in the prisoner mailbox. "The appellant bears the burden of proving that he or she in fact delivered the appeal within the appropriate time period." Id. at 426.

2. As explained, the Superior Court affirmed the denial of PCRA relief on Apr. 15, 2010, see Pa. Super. Ct. Dckt. No. 1666 EDA 2009, at 3; Hab. Pet. ¶ 11(a)(7), and Starkey had 30 days to file a petition for allowance of appeal in Pennsylvania's Supreme Court, see Pa. R. App. P. 1113(a).

3. While the state court docket indicates that Starkey failed to file a timely appeal from the June 26, 2008 denial of PCRA relief, the docket indicates that Starkey was granted permission to file an appeal nunc pro tunc to the Superior Court, which he filed in June 2009. See Pa. Super. Ct. Docket No. 1666 EDA 2009, at 2. For present purposes only, it is assumed arguendo that the PCRA petition was a "properly filed" petition and was "pending" for purposes of § 2244(d)(2) from the time he filed it in the PCRA Court until the time for seeking allowance of appeal in Pennsylvania's Supreme Court expired. But see Douglas v. Horn, 359 F.3d 257, 262 (3d Cir.

However, since AEDPA's period of limitation had started running on March 31, 2006, when the judgment of conviction became final in this case, approximately 318 days of the one-year period of limitation had already elapsed by the time Starkey filed his PCRA petition. See, e.g., Burns, 134 F.3d at 111. Consequently, when the period of limitation began running again on May 15, 2010, petitioner had approximately 47 days remaining, or until July 1, 2010, to file his § 2254 petition. See Swartz, 204 F.3d at 419-20; Miller v. N.J. Dep't of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998).

Starkey did not file his § 2254 petition until, at the earliest, October 18, 2010,[4] more than five months after his PCRA petition was no longer pending, and **more than three and a half months after** the period of limitation *expired*. Since he failed to file his § 2254 petition within AEDPA's limitation period, absent equitable tolling, the habeas petition was not timely filed.[5] See Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

The Supreme Court has held that the federal habeas statute of limitations is subject to equitable tolling in only extraordinary circumstances. See Holland v. Florida, 130 S. Ct. 2549,

---

2004) (citing Brown v. Shannon, 322 F.3d 768 (3d Cir.), cert. denied, 539 U.S. 948 (2003)) ("a notice of appeal nunc pro tunc is filed improperly as a matter of state law") (emphasis added); see also Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (citing Douglas), cert. denied, 544 U.S. 1037 (2005).

4. In Burns, 134 F.3d at 113, the Court of Appeals for the Third Circuit held that a pro se prisoner's federal habeas petition is deemed "filed" at the moment he delivers it to prison officials for mailing to the district court. Here, Starkey signed his petition on Oct. 18, 2010. See Hab. Pet. at 11. Therefore, he could not have delivered the petition any earlier than that date.

5. While Pennsylvania does apply a prisoner mailbox rule to the filing of a PCRA petition, see supra note 1, and there is no indication of the date Starkey handed his PCRA petition to prison officials for filing, there is certainly nothing in the record suggesting that the PCRA petition was handed to prison officials more than 3 ½ months prior to the date the Common Pleas Court received the petition and marked it as "filed" on Feb. 12, 2007.

5

2562 (2010); see also Miller, 145 F.3d at 618.  In particular, a petitioner "'is entitled to equitable tolling' **only** if he shows '(1) that he has been pursuing his rights **diligently**, and (2) that some **extraordinary circumstance** stood in his way' and **prevented** timely filing." Holland, 130 S. Ct. at 2562 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphases added); see also Lawrence v. Florida, 127 S. Ct. 327, 1085 (2007) (quoting Pace, 125 S. Ct. at 1814) (observing that a litigant seeking equitable tolling bears the burden of establishing "that he has been pursuing his rights diligently" **and** that "some extraordinary circumstance stood in his way") (emphasis added); Merritt, 326 F.3d at 168 (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001)).  "The law is clear that courts must be **sparing** in their use of equitable tolling." See Jones, 195 F.3d at 159 (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)) (emphasis added).

In this case, petitioner fails to allege circumstances which would warrant invoking the sparing doctrine of equitable tolling.  It is noted that lack of understanding or knowledge of the law is not an appropriate basis to invoke equitable tolling, see Jones, 195 F.3d at 160; School Dist. of Allentown v. Marshall, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling"), and "[m]ere excusable neglect is [also] not sufficient," see Miller, 145 F.3d at 618-19.

Petitioner does not allege circumstances which **prevented** him in some **extraordinary** way from filing a timely federal habeas petition.  See Lee v. United States, 2005 WL 1949441, *5 (E.D. Pa. 2005) (citing United States v. Bruce, 2002 WL 31757938, *1 (D. Del. Nov. 26, 2002)) ("A statute of limitations should only be tolled in rare situations."); United States v. Ramsey, 1999 WL 718079, *2 (E.D. Pa. Aug. 26, 1999); see also Davis v. Artuz, 2001 WL

6

199454, *3 (S.D. N.Y. Feb. 28, 2001) ("the petitioner must show that circumstances actually impeded the ability to file a timely petition"). Moreover, **even if** he had alleged extraordinary circumstances preventing him from asserting his rights, he fails to allege circumstances indicating that he exercised **reasonable diligence**. See, e.g., Pace, 125 S. Ct. at 1815; Schlueter, 384 F.3d at 78. He has not alleged facts sufficient to show that "the 'sparing' doctrine of equitable tolling" should be invoked in this case. See Robinson v. Johnson, 313 F.3d 128, 143 (3d Cir. 2002) (quoting Jones, 195 F.3d at 159), cert. denied, 540 U.S. 826 (2003); see also Brown, 322 F.3d at 774. Accordingly, since Starkey failed to file his § 2254 petition within the one-year period of limitation, this petition is time-barred. See Brown, 322 F.3d at 776; Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111.

Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See 28 U.S.C. foll. § 2254, Rule 4. Here, for the foregoing reasons, it plainly appears that Starkey is not entitled to habeas relief. Therefore, the petition should be dismissed.[6]

---

6. The Supreme Court has held that district courts may consider, sua sponte, the timeliness of a state prisoner's habeas petition. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006); see also Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004) ("a federal magistrate judge may raise the AEDPA statute of limitations issue [sua sponte] in a Report and Recommendation ('R&R')") (parenthetical added); see, e.g., Mulero v. Folino, 2008 WL 2704545, *1, *5 n.10 (July 8, 2010) (dismissing habeas petition as untimely and adopting R&R which raised the timeliness issue sua sponte); Minner v. Tennis, 2007 WL 2892013, *1 (E.D. Pa. Oct. 2, 2007) (dismissing § 2254 petition as time-barred and adopting R&R raising the statute of limitations issue sua sponte); Hernandez v. Folino, 2006 WL 2136084, *3 n.2 (E.D. Pa. July 27, 2006) (citing Day, 126 S. Ct. at 1684) (same); Camilo v. Klem, 2006 WL 1687186, *2 (E.D. Pa. June 15, 2006) (same); Cluck v. Shannon, 2006 WL 1648947, *2 (E.D. Pa. June 8, 2006) (same). It is further observed that the

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability ("COA") may not issue unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring).

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484. Here, for the reasons set forth above and in light of the aforementioned decisions invoking AEDPA's period of limitation as a procedural bar, a reasonable jurist could not conclude that the Court would be incorrect in dismissing the petition as time-barred. See Slack, 529 U.S. at 484. Accordingly, a COA should not issue.

My Recommendation follows.

---

pre-printed habeas form which petitioner completed provided clear notice of the one-year period of limitation, see Hab. Pet. at 1-2 ¶ 2, and of course, as with the cases cited above, this R&R provides petitioner with further notice of the applicability of the timeliness issue, and he has a reasonable opportunity to oppose the dismissal of his habeas petition, should he so desire, through the filing of timely objections. See Pabon v. Mahoney, 2008 WL 249845, *4 n.7 (E.D. Pa. Jan. 30, 2008) (dismissing as untimely § 2254 petition pursuant to Rule 4); Cooper v. Pa. Att'y Gen., 2007 WL 2492726, *2 n.3 (W.D. Pa. Aug. 30, 2007) (citing circuit court cases) ("To the extent that Petitioner is entitled to notice and an opportunity to respond to the statute of limitations bar . . ., the [R&R] procedure with its opportunity to file objections provides such notice and opportunity to be heard."); see, e.g., Knecht v. Shannon, 132 Fed. Appx. 407, 408 (3d Cir. May 25, 2005) (affirming dismissal of habeas petition as untimely where U.S. Magistrate Judge raised timeliness issue sua sponte in R&R adopted by the District Judge).

8

# **R E C O M M E N D A T I O N**

**AND NOW**, this 23rd day of December, 2010, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, it is hereby **RECOMMENDED** that the habeas petition be **DISMISSED** as time-barred and that a certificate of appealability should not issue.[7]

        /s/ L. Felipe Restrepo
        L. FELIPE RESTREPO
        UNITED STATES MAGISTRATE JUDGE

---

7. Petitioner is advised that he may file objections to this Report and Recommendation. See Local R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.