# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT STARKEY, | : |
| Petitioner | : CIVIL ACTION |
| v. | : |
| KENNETH R. CAMERON, et al. | : NO. 10-5891 |
| Respondent. | : |

**ROBERT F. KELLY, Sr. J.**  APRIL 25, 2011

## MEMORANDUM

Presently before the Court are Petitioner, Vincent Starkey's ("Petitioner") First and Second Objections (collectively, "Objections") to the Report and Recommendation ("R & R") of the Honorable L. Felipe Restrepo, United States Magistrate Judge ("Magistrate Judge"), recommending that Petitioner's Petition for Writ of Habeas Corpus be dismissed as time-barred.

**I.     FACTS**

Petitioner is currently incarcerated at the State Correction Institution at Cresson, Pennsylvania ("SCI Cresson"). (R & R at 1.) On April 26, 2004, Petitioner was found guilty of one count of murder in the second-degree, two counts of aggravated assault causing bodily injury with a deadly weapon, one count of robbery, and one count of possessing an instrument of crime in the Court of Common Pleas of Delaware County. On June 15, 2004, Petitioner was sentenced to life in prison plus five to ten years. Petitioner took a direct appeal to the Superior Court of Pennsylvania. (Habeas Pet. at 5.) The Superior Court affirmed the judgment of conviction on March 1, 2006. Petitioner did not request allowance of appeal in the Supreme Court of

Pennsylvania. However, on February 12, 2007, 318 days after his conviction became final,[1] Petitioner filed under the Post Conviction Relief Act ("PCRA") in the Court of Common Pleas of Delaware County. (Habeas Pet. at 5-6.) The Court of Common Pleas denied Petitioner's PCRA petition on June 26, 2008. (Id. at 6.) Petitioner appealed the denial to the Superior Court, which affirmed the Court of Common Pleas' judgment without written Order on April 15, 2010.[2] Petitioner did not seek an allowance of appeal from the denial of his PCRA petition in the Pennsylvania Supreme Court.

Petitioner claims that he did not appeal the Superior Court's denial of his PCRA petition because he was abandoned by PCRA counsel and was, thus, not informed of the denial until he was time-barred from appeal. (Second Objections at 8.) Petitioner was appointed new PCRA counsel, Matthew Edvard Shprukhman, Esq. ("Shprukhman"). (Id. at 2.) Even though the time to appeal had expired, Shprukhman represented Petitioner and appealed to the Superior Court, which denied on April 15, 2010. (Id.) That same day, Shprukhman wrote a letter to Petitioner informing him that his appeal was denied, which was received by Petitioner on April 19, 2010. (Id.) The letter did not indicate the date the court reached its decision. (Id.) Consequently, on April 19, 2010, Petitioner wrote a letter to Shprukhman requesting him to "seek rehearing en banc addressing the Superior Court's misapplication of law and fact(s)" if possible and to file an allowance of appeal in the Supreme Court "ASAP" if time remained to do so. (Id. at Appx. 2, 13.) In this letter, Petitioner also inquired how much time remained to file a federal habeas

---

[1] Pennsylvania Rule of Appellate Procedure 1113(a) allows thirty days within which to file a notice of appeal. In this case, that date was March 31, 2006.

[2] Although this appeal was untimely, the Superior Court issued an Order allowing the appeal as *nunc pro tunc* on May 15, 2009.

2

petition, and requested Shprukhman to send him a copy of the Superior Court's denial. (Id.) Shprukhman did not respond to Petitioner's April 19, 2010 letter. (Id. at 2.) There is no evidence in the record before us and Petitioner does not allege that he attempted to contact Shprukhman after April 19, 2010 to verify that his appeal was moving forward.

Not having heard from Shprukhman, on May 12, 2010, Petitioner wrote to the Prothonotary of the Superior Court, requesting a copy of the Superior Court's denial. (Second Objections at 2.) On May 20, 2010, the Deputy Prothonotary for the Superior Court, sent Petitioner a copy of the requested Order, which Petitioner received on May 23, 2010. (Id. at 3.) By this time, the deadline for filing a notice of appeal had lapsed.[3] On May 27, 2010, Petitioner then proceeded to file a *pro se* "Application for Reargument Nunc Pro Tunc"[4] in the Superior Court. (Id. at 7.) The Superior Court denied the Application for Reargument Nunc Pro Tunc on July 15, 2010 and Petitioner received notice of the denial on July 20, 2010. (Id.)

On October 28, 2010, Petitioner filed a Petition for a Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254.[5] On November 12, 2010, we referred this case to a Magistrate

---

[3] Pennsylvania Rule of Appellate Procedure 1113(a) requires that a petition for allowance of appeal must be filed within 30 days from the date the Order is entered. Pa. R.A.P. 1113(a). In this case, the deadline to file a petition for allowance of appeal was May 17, 2010.

[4] We assume Petitioner submitted this Application pursuant to Pa. R.A.P. 2542, which permits such a pleading if submitted to the prothonotary within fourteen days after entry of the judgment or other order involved. Pa. R.A.P. 2542. In this case, Petitioner sought reargument for the Order entered on April 15, 2010 and was, therefore, obligated to submit his Application by April 29, 2010.

[5] Pennsylvania adopts the "prison mailbox rule" and deems a pro se inmate's habeas petition filed the moment he hands it to a prison official. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Since Petitioner signed on October 18, 2010, we will consider it filed on that date.

Judge, for a R & R. On December 23, 2010, the Magistrate Judge issued a Recommendation that the Habeas Petition be dismissed as time-barred and that a Certificate of Appealability ("COA") should not issue. On January 13, 2011, we approved and adopted the Magistrate Judge's R & R. However, in response to a Motion to Reconsider submitted by Petitioner, we granted him fifteen days from February 22, 2011 to file objections thereto. Petitioner filed Objections ("First Objections") on February 22, 2011 and Second Objections on March 7, 2011, both within the fifteen day time limit. Petitioner objects to the R & R on grounds that: (1) the court did not have the authority to raise the issue of timeliness *sua sponte*, (2) he is entitled to equitable and statutory tolling, or in the alternative a later date on which the period of limitations began to run, and (3) a reasonable jurist would grant Petitioner a COA.

## II.  STANDARD OF REVIEW

Federal courts are vested with jurisdiction over petitions for habeas corpus for a "prisoner in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A district court is to review those portions of the magistrate judge's [R & R] to which objections are made *de novo*. 28 U.S.C.A. § 636(b)(1)(C). Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to impose a one-year limitation on applications for writs of habeas corpus by persons in state custody. 28 U.S.C. § 2244(d)(1). 28 U.S.C. § 2244 states, in relevant part, that the limitation shall begin to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a "properly filed" application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception. Hayden v. Brooks, No. 07-1886, 2007 WL 2571508 at *2 (E.D. Pa. Aug. 31, 2007) (citing Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003)). With respect to statutory tolling, § 2244(d)(2) provides in relevant part that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). With regards to equitable tolling, generally, a petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Geiger v. Balicki, No. 10-5458, 2011 WL 345930 at *3 (D.N.J. Feb. 2, 2011) (citing Pace v. DiGugliemo, 544 U.S. 408, 416-17 (2005)). Even where some extraordinary circumstances exist, however, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation is broken and the extraordinary circumstances, therefore, did not prevent timely filing." Id. (citing Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003)).

## III. DISCUSSION

### A. Whether the Magistrate Judge Erred by Raising the Issue of Timeliness Sua Sponte.

Petitioner argues that the Magistrate Judge improperly raised the issue of whether he timely submitted his habeas petition. (First Objections at 5.) We disagree. In Day v. McDonough, 547 U.S. 198 (2006), the United States Supreme Court held that district courts may consider, *sua sponte*, the timeliness of a state prisoner's habeas petition. 547 U.S. at 202. Since the Supreme Court's ruling in Day, the Third Circuit has echoed its tenets on numerous occasions. See Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004) ("a federal magistrate judge may raise the AEDPA statute of limitations issue [*sua sponte*] in a [R & R]"); Mulero v. Folino, No. 07-5095, 2008 WL 2704545 at *1, *5 n. 10 (E.D. Pa. July 8, 2010) (dismissing habeas petition as untimely and adopting R & R raising the statute of limitations issue *sua sponte*); Minner v. Tennis, No. 06-4528, 2007 WL 2892013 at *1 (E.D. Pa. Oct. 2, 2007) (dismissing § 2254 petition as time-barred and adopting R & R raising the statute of limitations issue *sua sponte*); Chuck v. Shannon, No. 06-00503, 2006 WL 1648947 at *2 (E.D. Pa. June 8, 2006) (same). Thus, we find that the Magistrate Judge permissibly raised the issue of timeliness *sua sponte*.

Should the district court deem a petition untimely, as it did here, it must provide the parties with notice and an opportunity to be heard prior to dismissal on grounds of timeliness. Day, 547 U.S. at 202. To the extent that [a] [p]etitioner is entitled to notice and an opportunity to respond to the statute of limitations bar . . . the [R & R] procedure with its opportunity to file objections provides such notice and opportunity to be heard. Cooper v. Pa. Att'y Gen, No. 06-

1332, 2007 WL 2492726 at *2 n.3 (W.D. Pa. Aug. 30, 2007) (citations omitted). Thus, we further find that Petitioner has been afforded the requisite notice and opportunity to be heard as we are now considering his Objections.

### B. Whether PCRA Counsel's Failure to File a Notice of Appeal Warrants Equitable Tolling

In Petitioner's Second Objections, he asserts that his PCRA counsel Shprukhman failed to file a Notice of Appeal challenging the Superior Court's denial of his PCRA petition when directed to do so. (Second Objections at 3.) Petitioner claims this amounted to abandonment by counsel and therefore "extraordinary circumstances" warranting equitable tolling. (Id. at 4.) Petitioner cites to a plethora of cases from various jurisdictions in support of his argument that an attorney's failure to file a notice of appeal, after being requested to do so, amounts to extraordinary circumstances justifying equitable tolling of the period of limitations. (Id. at 3-6.)

However, our research concerning whether PCRA counsel's failure to file a notice of appeal warrants equitable tolling of the AEDPA period of limitations reveals that "courts have concluded that an attorney's failure to file a notice of appeal does not constitute the type of extraordinary or rare circumstances making it impossible for a petitioner to file his or her habeas petition." Hayden v. Brooks, No. 07-1886, 2007 WL 2571508 at *4 (E.D. Pa. Aug. 31, 2007) (citing United States v. Bruce, No. 01-211, 2002 WL 31757938 at *1 (D.Del. Nov. 26, 2002)) (period of limitation not equitably tolled where counsel failed to file a notice of appeal as directed by petitioner). The petitioner in Hayden asserted an identical argument as here for equitable tolling, namely, that he was entitled to equitable tolling of the AEDPA's period of limitation because his attorney failed to file a direct appeal as directed by the petitioner. Id. In

7

Hayden, the court declined to find that the situation presented "extraordinary circumstances" such that prevented the petitioner from filing his habeas petition. Id. We agree with the court in Hayden and we find that Petitioner has not demonstrated "extraordinary circumstances that stood in his way." See Geiger, 2011 WL 345930 at *3. Furthermore, we are not convinced that Petitioner has demonstrated that he has fulfilled the second requirement that he diligently pursued his post-conviction rights because he inexplicably waited 318 days from the date his sentence became final to institute PCRA proceedings and because he made no further attempts to contact Shprukhman after mailing his initial letter on April 19, 2010. As such, we find that PCRA counsel's failure to file a notice of appeal is not an "extraordinary circumstance" that merits equitable tolling.

### C. Whether Statutory Tolling Applies

Petitioner claims that he is entitled to statutory tolling for the period of May 27, 2010 through July 20, 2010 because his Application for Reargument En Bank Nunc Pro Tunc ("Application") was pending in the Superior Court of Pennsylvania during that time. We reject this argument for the following reasons. A petitioner is only entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) for the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In determining whether a petition is "properly filed" under the AEDPA, a federal court "must look to the state law governing when a petition for collateral relief is properly pending." Douglas v. Horn, 359 F.3d 257 (3d Cir. 2004) (citing Fahy v. Horn, 240 F.3d 239, 43 (3d Cir. 2003)).

In Douglas v. Horn, the Third Circuit Court of Appeals held that a petitioner's Notice of

Appeal Nunc Pro Tunc filed in the Pennsylvania Supreme Court after the deadline for filing a notice of appeal was not "properly filed." 359 F.3d at 262. The court declined to apply statutory tolling noting that it was not a pleading recognized by Pennsylvania law and was, therefore, improperly filed as a matter of state law. Id. The court also stated that "permitting petitions not recognized under state law and improperly filed as a matter of state law to toll the limitation period would not seem to promote exhaustion in the manner contemplated by the AEDPA." Id. (citing Brown v. Shannon, 322 F.3d at 775 n. 5).

The present circumstances are analogous to those in Douglas. Just as the "Notice of Appeal Nunc Pro Tunc" was not a recognized petition for post-conviction or collateral relief in Pennsylvania, Petitioner's "Application for Reargument Nunc Pro Tunc" is similarly unrecognized. Thus, as a matter of state law, it was improperly filed. Furthermore, the Application for Reargument Nunc Pro Tunc was untimely filed under Pa. R.A.P. 2542.[6] Accordingly, we find that the "Application for Reargument Nunc Pro Tunc" was not a properly filed application for state post-conviction or other collateral review. Thus, statutory tolling for the AEDPA purposes is not warranted by virtue of the fact that this pleading was pending in state court.

### D. Whether Petitioner Merits a New Start Date for the One-Year Period of Limitations Due to the Prison Library's Lack of Habeas Forms

Petitioner suggests that his start date for the one-year period of limitations should be October of 2010, because the library's lack of habeas forms amounted to a "state created

---

[6] See fn.3. supra

impediment" pursuant to 28 U.S.C. § 2244(d)(1)(B).[7] (Second Objections at 9.) The Magistrate Judge determined that the one-year period of limitations began to run on March 31, 2006 pursuant to 28 U.S.C. § 2244(d)(1)(A), when the time for seeking allowance of appeal in Pennsylvania's Supreme Court expired. (R & R at 3.) We agree with the Magistrate Judge that 28 U.S.C. § 2244(d)(1)(A) applies and that the start date for the AEDPA's one-year limitation is March 31, 2006.

Petitioner alleges that he attempted to obtain habeas forms from the prison library at SCI Cresson "sometime in August of 2010" and, despite his best efforts, was unable to obtain the forms until a fellow inmate supplied them to him in October of 2010. (Habeas Pet. at 8.) Petitioner does not allege that he attempted to obtain the proper forms to file his petition from the prison library at any time prior to August of 2010 nor does he allege that the library was unable to supply the forms at any time prior to August of 2010. Moreover, Petitioner first requested the habeas forms after the deadline for filing his Habeas Petition had lapsed. Thus, we decline to find that Petitioner is entitled to a new start date for the one-year period of limitations.

### E. Whether the Prison Library's Lack of Habeas Forms Warrants Equitable Tolling

Petitioner next contends that the prison library's failure to supply him with habeas forms or this Court's address "sometime in August of 2010" represented "extraordinary circumstances outside of [his] control" which prevented him from filing a timely habeas petition on July 1, 2010. (Habeas Pet. at 8.) Petitioner also alleges that he exercised due diligence in seeking out

---

[7] 28 U.S.C. § 2244(d)(1)(B) provides that the period of limitations shall begin to run on the latest date of several circumstances including the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

the forms from other sources within the prison. (Id.) As such, Petitioner asserts that he is entitled to equitable tolling. (Id.) We find this argument unpersuasive. The events related to this particular claim for equitable tolling all took place *after* the deadline for filing an Application for Habeas Relief had already expired (emphasis added). The Magistrate Court correctly pointed out that the deadline for filing a Habeas Application was July 1, 2010. Petitioner does not allege that the prison library's failure to provide him with forms prevented him from filing his petition prior to the expiration of the deadline. Accordingly, we find that Petitioner is not entitled to equitable tolling for the period of August of 2010 through October 18 of 2010.[8]

## IV. CONCLUSION

After carefully weighing each of Petitioner's Objections, we find that they do not allege reasons for granting equitable or statutory tolling of the AEDPA's one-year period of limitations. Nor do we find a basis upon which Petitioner warrants a new start date to begin the AEDPA's one-year period of limitations. In light of the foregoing, we are obliged to agree with the Magistrate Judge that the AEDPA required Petitioner to file his habeas petition on or before July 1, 2010. As such, his submission was untimely and the Magistrate Judge properly recommended dismissal. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, we will deny Petitioner's Objections and we will dismiss the underlying habeas petition as time-barred.

---

[8] Because Petitioner does not use exact dates, we are bound by his imprecision. However, as we have decided that Petitioner is not entitled to equitable tolling for the period in question, exact dates are unnecessary.

An appropriate Order follows.